108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aljandro ANGELES, Plaintiff,
and
Adrian Carrasco; Juan Castro; Martin Castro; Sergio
Garcia; Jose Godoy; Ivan Gonzalez; Benito Guerrero;
Cesar Mercado; Enrique Munoz Miranda; Enrique Munoz, Jr.;
Ramon Pinto; Luis Real; Alfonso Romanes; Dante Villa;
Juan Villanueva, Plaintiffs-Appellants,
v.
INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND
ASBESTOS WORKERS, LOCAL # 208; International Association of
Heat and Frost Insulators and Asbestos Workers; Local # 5;
Jim Watkins, Defendants-Appellees.
 No. 95-56806.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1996.
Decided Feb. 20, 1997.
 
 1
 Before: D.W. NELSON, TROTT, Circuit Judges, and ROBERT J. BRYAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Adrian Carrasco and 14 co-plaintiffs ("plaintiffs") appeal the district court's summary judgment for defendants International Association of Heat and Frost Insulators and Asbestos Workers ("International Association") and Local 5 on plaintiffs' employment discrimination claims. The plaintiffs allege that the defendants violated § 12940 of California's Fair Employment and Housing Act ("FEHA") by denying plaintiffs equal membership rights in a local union and by aiding and abetting that local union's attempt to establish a system of segregated union membership.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 4
 A grant of summary judgment is subject to de novo review. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). This court must determine, viewing the evidence in the light most favorable to the plaintiffs, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197. We may affirm on any ground supported by the record. Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996).
 
 STATUTE OF LIMITATIONS[2]
 
 5
 Plaintiffs bring claims against both the International Association and Local 5 under FEHA. See Cal.Gov't Code § 12940 et seq.[3] A person who wishes to bring a cause of action for employment discrimination under § 12940 of FEHA must first file a claim with the Department of Fair Employment and Housing ("DFEH"). Rojo v. Kliger, 52 Cal.3d 65, 83-84 (1990). This administrative complaint must be filed within one year of the date upon which the alleged act of discrimination occurred. Cal.Gov't Code § 12960. This one-year statute of limitations may be extended for 90 days where the complaint first obtained knowledge of the alleged unlawful practice more than one year after its occurrence. See Takahashi v. Board of Educ., 202 Cal.App.3d 1464, 1478-79 (Cal.Ct.App.1988), cert. denied, 490 U.S. 1011 (1989). "Discrimination complaints not timely filed with the [DFEH] cannot be the basis for a civil action against the employer." Valdez v. City of Los Angeles, 231 Cal.App.3d 1043, 1052 (Cal.Ct.App.1991).
 
 A. FEHA claims against Local 5
 
 6
 Plaintiffs' FEHA claims against Local 5 are time-barred. Local 5 surrendered jurisdiction over the plaintiffs when the International Association chartered Local 208 in April 1991. Thus, Local 5's unequal treatment of plaintiffs ceased once Local 208 became responsible for securing the plaintiffs' rights and privileges of union membership. Even if the plaintiffs first obtained knowledge of Local 5's alleged discriminatory acts more than one year after those acts were committed, plaintiffs were required to file complaints with the DFEH by the end of July, 1992--one year and 90 days after Local 5 surrendered jurisdiction over the plaintiffs. The plaintiffs filed their complaints with the DFEH between August and October, 1993. Thus, on their face, the plaintiffs' FEHA claims against Local 5 are time-barred.
 
 
 7
 The plaintiffs attempt to overcome the statute of limitations by insisting that Local 5's discriminatory membership policies continued through November 1992, when Local 208 first signed independent contracts with employers. But Local 5's representation of plaintiffs does not persist simply because Local 208 failed to sign contracts until November 1992. In any event, Local 208 did assume a representative role upon its creation in April 1991. Local 5 may have negotiated the contracts under which the plaintiffs worked until November 1992, but Local 208 began administering those contracts in July 1991: Local 208 took over dispatching responsibilities in July 1991; Local 208 dealt with day-to-day matters, such as member complaints, upon its creation; and any maintenance or hazardous waste worker who called Local 5 after July 1991 was told to call Local 208 for dispatch or other inquiries.
 
 
 8
 Nor can the plaintiffs' claims against Local 5 be saved by the "continuing violation" doctrine. California courts have recognized this doctrine as an equitable exception to FEHA's one-year statute of limitations. See Accardi v. Superior Court, 17 Cal.App.4th 341, 349 (Cal.Ct.App.1993). Under the "continuing violation" doctrine, "a complaint arising under FEHA is timely if any of the discriminatory practices continues into the limitations period." Id. (second emphasis added). The doctrine has been invoked successfully where the defendants have maintained a discriminatory employment pattern or practice into the limitations period. See Valdez, 231 Cal.App.3d at 1052 ("Under the doctrine of 'continuing violations' an administrative complaint charging discrimination is timely if the discriminatory system is maintained into the limitations period."); see also Williams v. Owens-Illinois, Inc., 665 F.2d 918, 924 (9th Cir.) ("[A] systematic policy of discrimination is actionable even if some or all of the events evidencing its inception occurred prior to the limitations period."), cert. denied, 459 U.S. 971 (1982). The doctrine does not apply, however, where only the effect of discontinued discriminatory practices is ongoing. See Regents of Univ. of California v. Superior Court, 33 Cal.App.4th 1710, 1717 (Cal.Ct.App.1995) ("[T]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." (quoting Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)).
 
 
 9
 In sum, Local 5's representation of the plaintiffs, and thus the segregated internal membership policies that form the gravamen of the plaintiffs' complaint against Local 5, was effectively terminated on March 24, 1991, when Local 5 elected not to retain jurisdiction over maintenance and hazardous waste workers. While the consequences of Local 5's membership policies may be experienced presently by the plaintiffs, such policies were not in force during the limitations period. Therefore, the "continuing violation" doctrine cannot save the plaintiffs' claims against Local 5 from the time restrictions imposed by FEHA.
 
 
 10
 B. FEHA claims against the International Association
 
 
 11
 The plaintiffs' §§ 12940(g) and (i) claims against the International Association are also time-barred. These claims are entirely derivative of the plaintiffs' FEHA claim against Local 5, and are time-barred insofar as the alleged underlying violation can no longer be the subject of litigation. Specifically, the International Association's alleged acts of aiding and abetting Local 5's internal segregation policies must have terminated when these policies were obviated by the March 1991 vote, and the International Association's obligation under § 12940(i) to take all reasonable steps to prevent discrimination from occurring was discharged when such discrimination ceased in April 1991.
 
 CONCLUSION
 
 12
 For the foregoing reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 On appeal, the plaintiffs do not contest the district court's summary judgment for defendants on plaintiffs' 42 U.S.C. § 1981 claim. Accordingly, this claim is waived. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)
 
 
 [2]
 We conclude that all of plaintiffs' claims on appeal are time-barred. Therefore, we do not consider whether the district court abused its discretion when it prohibited the plaintiffs from pursuing some of these claims at the summary judgment hearing
 
 
 [3]
 Local 5's claim that the plaintiffs did not exhaust their administrative remedies is without merit. Each plaintiff received a right-to-sue letter from the Department of Fair Employment and Housing, and each plaintiff named James Watkins, president of Local 5, as a defendant in his administrative complaint